## THOMAS J. LEE *v.* GEORGE W. HAMPTON.

1. MASTER AND SERVANT.   *Duty of discharged servant.*

   It is the duty of a wrongfully discharged servant to seek and, if he can, obtain other employment, thereby reducing the damages that otherwise would be suffered by him from the discharge.

2. SAME.   *Servant's own business.   Measure of damages.*

   A wrongfully discharged servant, who engages in business of his own after the discharge and during the term for which he was employed, is entitled to recover of his employer the sum he would have earned in the employment, less the reasonable value of his diligent labor in and attention to his own business during said term.

3. SAME.   *Instruction.   Net profits.*

   An instruction in such a case authorizing a verdict for the servant for the sum he would have earned in the employment, less the net profits of the servant's own business, is erroneous.

FROM the circuit court of Sunflower county.

HON. FRANK E. LARKIN, Judge.

Hampton, the appellee, was plaintiff in the court below; Lee, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The opinion of the court fully states the facts of the case.

*McWillie & Thompson* and *J. R. Baird*, for appellant.

The plaintiff's evidence on the subject of a contract, aside from his bold assertions of conclusions, was this: He had been in Lee's employ for several years, receiving $500 annually, and said to Lee, in December, "Do you wish me to stay on your place?" To this Lee replied, "You may stay, if you wish." To this the plaintiff did not respond, and did not advise Lee whether he would or would not stay. However, he

stayed on the place until January 13, 1900, when an altercation occurred between the parties, and Lee ordered plaintiff to leave. This does not make out the plaintiff's case, and does not establish a contract. There was no acceptance of Lee's implied offer. There was no agreement on terms; no determination of what services Hampton was to render, and no fixing of his compensation. It will be noted that Hampton simply made an inquiry as to whether Lee wished him to remain on the place; no offer by Hampton to do so. To the inquiry, Lee responded, "You may stay, if you wish." Hampton did not tell Lee that he would do so—that is, stay on the place—there was a total failure to fix terms and agree upon services to be rendered and salary to be paid. Contracts of this character are not implied.

The court below erred in not allowing the defendant, appellant, to show, by cross-examination of Hampton, that he had been guilty of drunkenness. It will be found, on examination of the books, that an employer, when sued for the wrongful discharge of a servant, may defend by showing any just cause for the discharge, even if the facts were unknown to him at the time. It was unnecessary for Lee to show, or offer to show, that he knew of Hampton's drunkenness and that he discharged him because of it.

The measure of damages adopted in the court below was improper and greatly to the prejudice of the appellant. The correct measure of damages, in case a plaintiff otherwise makes out his case, is the actual loss resulting from the discharge, and it is the plaintiff's duty to use reasonable efforts to avoid loss by securing employment elsewhere. From the amount of wages he would have earned under the contract, there should be deducted such sums as the plaintiff earned, or, by reasonable diligence, might have earned elsewhere. This is the rule where the discharged employee obtains a salaried employment from another; but where he enters into business for himself, as Hampton did, the value of his work should be deducted.

*Huntington* v. *Ogdenburg, etc., R. R. Co.*, 33 How. Pr. (N. Y.), 416.   In this case it was shown that Hampton went to farming on his own account.   This was not Lee's farm or business, and he had no concern with its profits and losses, and ought not to have been held responsible therefor.

The second instruction given for the plaintiff authorized a verdict for $500, the full salary, "less the net earnings of his (plaintiff's) labor during the year 1900."   This was erroneous. It made Hampton's farming operations Lee's business, and that, too, whether carried on skillfully or unskillfully.   It made Lee responsible for the sunshine and the shower; it made him a guarantor of reasonable skill in Hampton himself, as well as of every laborer on the farm; of the fertility of the soil and of the suitableness of every farm animal and implement used by Hampton.   The jury should have been permitted, if they saw proper to find for the plaintiff, to have made deduction on account of the value of Hampton's labor and services in making the crop.   The data was given the jury upon which to estimate this value, and yet, by the instruction of the court, such an estimate was excluded from consideration and the minds of the jurors carried to an inquiry of net results of the farming operations, and that, too, without reference to whether it was reasonably managed.

*S. D. Neill* and *D. M. Quinn*, for appellee.

Our client's case was well made out by the testimony, and the jury, responding to that testimony, awarded him a moderate judgment, all of the facts considered, and it should be affirmed by this court, since, as we think, no errors of law were committed on the trial.   That the contract of employment was proven to the satisfaction of the jury is manifest, and the evidence in the record was amply sufficient to support the verdict.   That the contract was broken is scarcely denied.   The evidence offered to show that Hampton was discharged because of drunkenness was properly excluded, for the plain reason

that it had not been pleaded.    Hampton was entitled to recover his salary for the year, less what he was able to make during the time of his discharge.    Our positions in this case are supported and maintained by the following authorities: 7 Am. & Eng. Enc. L. (2d ed.),125; *Ib.*, 129; *Springer* v. *Cooper*, 11 Ill. App., 267; *Northam* v. *Gordon*, 46 Cal., 582; *Royal Insurance Co.* v. *Beatty*, 119 Pa. St., 6 (Am. St. Rep., 622); *Arbuckle* v. *Smith*, 74 Mich., 568; *Roberson* v. *Cloud*, 47 Miss., 208; *Robbins* v. *Kimball*, 55 Ark., 414; *Watkins* v. *Greer*, 52 Ark., 65; *Gauss & Sons* v. *Orr*, 46 Ark., 129; *Wadlington* v. *Hill*, 10 Smed. & M., 560; *Greenwood* v. *Ligon*, 10 Smed. & M., 615 (51 Miss., 470); *Smith* v. *Kerr*, 108 N. Y., 31; *Pratt* v. *Prouty*, 104 Iowa, 419; *Arbuckle* v. *Smith, supra*, 47 Miss., 308 (7 Am. & Eng. Enc. L. (2d ed.), 150–152; *Wheatley* v. *Covington*, 11 Bush. (Ky.), 18; *Mahon* v. *New York*, 10 Misc. Rep. (N. Y. C. P., 1), 664 (1 N. Y. Ann. Cas., 361); *Tittle* v. *Bonnor*, 53 Miss., 578; *Grayson* v. *Brooks*, 64 Miss., 410.

Argued orally by *R. H. Thompson*, for appellant, and *S. D. Neill*, for appellee.

TERRAL, J., delivered the opinion of the court.

Appellee, Hampton, plaintiff below, sued Lee in the circuit court of Sunflower county, in the sum of $500, for breach of contract for the management of his Vandiver plantation for the year 1900.    The plaintiff below alleges an employment of himself by Lee as manager of said plantation, and his discharge, without cause, from said service on the thirteenth of January. The record discloses that Hampton, not getting other employment as manager, leased for that year a small farm, and superintended it, making seven or eight bales of cotton, about fifty bushels of corn, some hay and other products, of the net value of something near $100.    The court instructed the jury that, if, from the evidence, they found Hampton entitled to recover,

they should find a verdict of $500, less the net earnings of Hampton's labor during the year 1900; and, by this language, we understand the court to mean the net value of his farming operations, as all the labor done by him was in the production of the crop, and all the evidence on that point related to the value of the crop made on said farm over the cost of its production. Hampton had verdict and judgment for $401.75, and Lee appeals.

Lee complains of the judgment on three grounds: (1) That the evidence was insufficient to prove an employment of Hampton by him; (2) that appellant was denied the right of showing a discharge of Hampton for drunkenness; (3) that the rule stated by the court for estimating the damages was erroneous and prejudicial to appellant.

1. There was evidence before the court and jury that Hampton had been in Lee's employment, as manager for one of his plantations, for some eight years; that for the year 1899 he received $500 as wages; that Hampton, on the second of January, 1900, or before, applied to know whether Lee desired him to manage his plantation for the year 1900, and that Lee replied, "You can stay, if you wish;" that Hampton asked if he would increase his wages, and Lee replied he would not; that this was, in substance, the method of making all previous contracts of service between them; that Hampton superintended Lee's Vandiver plantation, to the knowledge of Lee, until the thirteenth day of January, when Lee discharged him in consequence of an altercation between them because two hands were put to the running of the sawmill engine, rendered necessary by its being out of fix, and which Lee directed not to be repaired; and that Lee paid Hampton for the thirteen days' service rendered under said contract at the rate of wages of $500 per year. These and other circumstances of the transaction justified the jury, as we think, in finding that a contract for a year's service was made between said parties.

2. The offer of appellant to show drunkenness of Hampton as a cause for his discharge from his service is so vague and uncertain that it is impossible to pass upon it with any degree of satisfaction, and, as a new trial will be granted for another cause, nothing more need be said of it, as in such new trial appellant may be more specific in his proffered proof on this point.

3. Appellant's third ground of complaint is, we think, well taken. It was the legal duty of Hampton, with which public interest and good morals accord, to use all reasonable effort to reduce any damages that otherwise would be inflicted upon him by his discharge from appellant's employment. The plaintiff below managed the farm leased by himself for the year 1900, and whatever sum of money would be reasonable wages for such service should be deducted from the damages arising from the breach of the contract by Lee. Having rented a farm and undertaken its management, it was his bounden duty to use his best endeavors in its management, and whatever was a reasonable sum for his wages as such superintendent should be deducted from the damages suffered in consequence of said breach of contract. It was his personal service as overseer which he contracted to give Lee, and its value when rendered to himself should be a credit on any sum found due from Lee, and, if greater than such sum, would defeat the recovery of any sum whatever. *Williams* v. *Coal Co.*, 60 Ill., 149–155; Suth. on Dam., sec. 79; 2 Greenl. on Ev. (16th ed.), sec. 261(*a*) and notes; *Huntington* v. *Railroad Co.*, 33 How. Prac., 416; *Hinchliffe* v. *Koontz* (Ind.), 23 N. E. Rep., 271 (16 Am. St. Rep., 403).

*Reversed and remanded.*