GREER *v.* CRAWFORD CORPORATION.

Feb. 15, 1954

No. 39026          53 Adv. S. 14          70 So. 2d 69

*Gordon & Gordon,* Liberty ; *Maxwell Bramlette,* Wood-
ville, for appellant.

Fred A. Anderson, Jr., Walker J. Carney, Jr., Gloster; Breazeale, Sachse, Wilson & Herbert, Baton Rouge, Louisiana, for appellee.

ARRINGTON, J.

Harold Pride Greer, appellant herein, filed his bill of complaint in the Chancery Court of Amite County,

Mississippi, alleging that the Crawford Corporation, a Mississippi corporation, appellee, was indebted to him under the terms of an oral contract. The appellee filed a demurrer to the bill upon the grounds that the alleged contract was within the statute of frauds in that the contract could not be performed within the space of fifteen months. The court sustained the demurrer, and the appellant declining to plead further, the bill was dismissed, from which decree the appellant appeals.

The allegations of the bill which are pertinent to the consideration of the question before us are as follows:

"That shortly prior to June 1, 1949, W. H. Crawford, president of Crawford Corporation, then acting for and on behalf of said corporation, entered into a contract with your complainant to secure his services as manager of the manufacturing plant of the Crawford Corporation located at Gloster, Mississippi. That said contract was wholly verbal with notations of the contract being made in writing and under the terms of said contract the said complainant was to receive a year's salary of $8,400.00 and was to participate in the profits of your defendant at the following rate:  *  *  *.

"That under the terms of said contract your complainant was employed for the term of one year beginning June 1, 1949, and ending May 31, 1950, with the understanding that if said manufacturing plant was efficiently managed and continued in operation that he would then be employed from year to year thereafter so long as his services were satisfactory.

"Your complainant would further respectfully show that he began his services under said contract on or about June 1, 1949  *  *  *.  That his second year of employment with said defendant corporation began June 1, 1950, and would have expired May 31, 1951, but the said defendant notified your complainant on February 12, 1951, that his services were no longer needed and undertook to terminate said contract as will be shown by copy of letter hereto annexed.  *  *  *."

Appellee's demurrer was based upon Sec. 264 (d), Code of 1942: "Certain Contracts to be in Writing.— An action shall not be brought whereby to charge a defendant or other party: * * * (d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof; * * * unless * * * the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party· to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

The appellee argues that the demurrer was properly sustained for the reason that the bill of complaint shows on its face that the contract could not be performed within the period of fifteen months; and that the allegations of the bill must be strictly construed against the appellant, his contention being that the word "shortly" could mean six months, four months, or three months and one day, which would bring the oral contract within the statute of frauds. We find no merit in these contentions.

■■■ The statute of frauds is an affirmative defense which must be plead. In Griffith, Miss. Chancery Practice, 2d Ed., Sec. 301, it is stated: " * * * ■■■ The defense of the statute of frauds cannot be invoked by demurrer against a bill unless the facts justifying it clearly appear therefrom. Hence it is that ambiguity in the bill in that respect will not let it in by demurrer, and moreover in such a case the admissions made by the demurrer will, for all the purposes of the argument on the demurrer, be taken as bridging the statute,—contractual transactions between parties are presumed to be valid until the contrary is made to appear by facts."

■■■ Further on affirmative defenses by demurrer, Sec. 300 states: " * * * Equivocal language subject to two constructions, and the like, will not suffice. And since such a demurrer is equivalent to an affirmative

pleading, and is received *sub modo* as a substitute there-
for, on the part of the defendant, it cannot be worked out
by taking the bill strongest against the complainant. It
must be remembered that in such a case the demurrer
is a substitute for an affirmative pleading that other-
wise the defendant himself would have to draft and to
prefer, so that it follows that if the facts, and all the
facts necessary, do not appear as facts and distinctly
so from the bill, the demurrer on that ground will not
hold. The defendant cannot work out a defense that he
himself must affirmatively make by putting the burden
thereof over on the complainant by seeking to take the
complainant's averments strongest against the com-
plainant, but the rule is rather the reverse, in that par-
ticular respect." Citing Taylor v. Twiner, 193 Miss. 410,
9 So. 2d 644, White v. Turner, 197 Miss. 265, 19 So. 825,
and others.

■■■ It appears to us that this contract is divisible.
■■■ It further provides definitely for employment for
one year from June 1, 1949, to May 31, 1950. It is alleged
that the contract was made "shortly prior to June 1,
1949." On demurrer, under the authorities cited above, it
cannot be assumed that the words "shortly prior" mean
more than three months, therefore, it is obvious with
respect to the first year of employment that the contract
was one which could be performed within the space of
fifteen months. Compare Poole v. Johns - Manville
Products Corporation, 210 Miss. 528, 49 So. 2d 891.
Since a part of the relief prayed for was for an account-
ing of profits during the first year of employment, the
demurrer should have been overruled.

Since this cause must be reversed, we do not deem it
necessary to pass upon the second year of employment.
This question should be determined by the facts on
answer and proof.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle,* and *Ethridge, JJ.,*
concur.