# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-SA-01766-COA

DR. TONTEL OBENE                                                    APPELLANT

v.

JACKSON STATE UNIVERSITY; DR. MELVIN                               APPELLEES
DAVIS, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS EXECUTIVE DIRECTOR OF
THE MISSISSIPPI URBAN RESEARCH
CENTER; DR. FELIX OKOJIE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS VICE
PRESIDENT FOR RESEARCH, DEVELOPMENT
AND FEDERAL AFFAIRS; AND MS. SANDRA
SELLERS, INDIVIDUALLY AND IN HER
CAPACITY AS EXECUTIVE DIRECTOR OF
HUMAN RESOURCES

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/2015 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | J. KEITH PEARSON SARAH LYNN DICKEY |
| ATTORNEYS FOR APPELLEES: | ALAN M. PURDIE DION JEFFERY SHANLEY |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED - 05/09/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Dr. Tontel Obene appeals the order of the circuit court granting summary judgment

to Jackson State University (JSU) on her wrongful-termination claim. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In September 2009, Dr. Obene was employed by JSU as the lead epidemiologist/evaluator for the Delta Health Project, a research project coordinated by the Mississippi Urban Research Center (MURC), a division of JSU. The project was funded by a five-year grant for HIV prevention from the Centers for Disease Control (CDC). The CDC provided funding to the Mississippi Department of Health (MDH), and in turn, MDH contracted with MURC to perform part of the evaluation work under the grant. At all relevant times, Dr. Obene's supervisor was Dr. Melvin Davis, the director of MURC and the project director for the grant.

¶3. At the time relevant to this appeal, Dr. Obene's employment with JSU was tied directly to her work on the grant project and characterized by a letter of employment dated August 20, 2010, which read, in pertinent part:

> This is to inform you of your continued employment on the staff of Jackson State University as Epidemiologist/Evaluator, MS Urban Research Center, at a salary of $60,000 per annum (pro-rata), effective for the period of July 1, 2010 and extending through September 29, 2010.

> Please note that Jackson State University, the employer, reserves the right to terminate your employment and/or decrease the salary specified at any time by giving one month's notice.

The dates of employment stated in the letter directly corresponded with the phases of the five-year grant, which was renewable every year. The first phase was set to expire on September 29, 2010.

2

¶4. The grant was extended for a period of three months, September 30, 2010, through December 31, 2010. Dr. Obene was assigned to complete the application for the three-month continuation phase. One of Dr. Obene's job responsibilities included drafting the budget proposal for the next phase of the grant project's continuation. During the first phase of the project, Dr. Davis received 2% of the grant funds for his supervisory role. For the continuation phase, Dr. Davis requested that Dr. Obene submit the application with a proposed increase to 10% for his extra-duty pay because he anticipated a greater involvement during the continuation phase. Dr. Obene refused, stating that she did not believe the requested increase was justified, and there was no room in the budget.

¶5. Subsequently, Dr. Obene filed a complaint dated August 25, 2010, with Sandra Sellers, the executive director of the Human Resources Department at JSU, detailing numerous grievances against Dr. Davis. She also copied the State Auditor, Attorney General, Dr. Davis, and Dr. Davis's supervisor, Dr. Felix Okojie, on the complaint. Both in her complaint to Sellers and at her deposition, Dr. Obene stated that she believed Dr. Davis's request for an increase to 10% was illegal because JSU had a moratorium on extra-duty pay.

¶6. On September 28, 2010, Dr. Davis emailed Dr. Obene to remind her that September 29, 2010, was the last day of her employment due to her contract's expiration—which corresponded with the phase of the grant. Additionally, an exit interview was completed. At this time the grant was in a phase of renewal. Dr. Obene stated in her deposition that she expected her employment to be renewed along with the renewal of the grant, as this was the usual practice. However, on November 28, 2010, Dr. Obene received a letter from Sellers,

3

stating that her employment with JSU was "terminated effective September 29, 2010." Dr. Obene filed suit for wrongful discharge against JSU, in which she asserted she was terminated for reporting the illegal activity of Dr. Davis. JSU filed a motion for summary judgment, and a hearing was held on the motion. The circuit court granted JSU's motion for summary judgment, finding that Dr. Obene's wrongful-termination claim was precluded by Mississippi law because the activity reported by Dr. Obene was not illegal as required under *McArn*.[1] Dr. Obene now appeals the order of the circuit court granting summary judgment.

## STANDARD OF REVIEW

¶7.     This Court reviews a circuit court's grant or denial of summary judgment de novo. *Gibbs v. Porterville Water Ass'n*, 203 So. 3d 661, 663 (¶8) (Miss. Ct. App. 2016) (citing *Stribling v. Rushing's Inc.*, 115 So. 3d 103, 104 (¶5) (Miss. Ct. App. 2013)). According to Mississippi Rule of Civil Procedure 56(c), summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Upon review, this Court must view the evidence in the light most favorable to the party against whom the motion has been made." *Dorman v. Power*, 203 So. 3d 33, 36 (¶12) (Miss. Ct. App. 2016) (internal quotation marks omitted) (citing *Grand Legacy LLP v. Gant*, 66 So. 3d 137, 143 (¶17) (Miss. 2011)).

## DISCUSSION

¶8.     The circuit court granted JSU's motion for summary judgment, finding that Dr.

---

[1] *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993).

Obene's wrongful-termination claim was barred, as it did not fall under a *McArn* exception. Dr. Obene argues that she was an at-will employee and that the circuit court erred in its application of *McArn*. JSU argues that Dr. Obene was not an at-will employee and thus was not terminated, but rather that her contract was simply not renewed. As such, JSU maintains that Dr. Obene, as a contractual employee, cannot bring a wrongful-termination suit. Accordingly, we review Dr. Obene's employment status and the application of *McArn* below.

## I.     At-Will Employment

¶9.     Mississippi follows the doctrine of employment at will, under which "either an employer or an employee may terminate an employment relationship, unless the parties are bound by an employment contract or a contract detailing the term of employment." *Gibbs*, 203 So. 3d at 665 (¶14). It is evident from the record that Dr. Obene's employment with JSU was characterized by an employment contract that coincided with the grant project on which she worked, and that this employment contract specified a definite term of employment. However, the employment contract also explicitly stated that "Jackson State University, the employer, reserve[d] the right to terminate [Dr. Obene's] employment . . . at any time . . . ."

¶10.    This Court has previously addressed the situation where both an employment contract with a definite date and a right to terminate at the sole discretion of the employer existed. *Miranda v. Wesley Health Sys. LLC,* 949 So. 2d 63, 67 (¶16) (Miss. Ct. App. 2006). In *Miranda*, we stated the following:

> A "definite term" self-evidently must be definite. A contract for a stated term
> removes employment from the at-will doctrine only if there is an enforceable
> right for the employee to remain for that length of time. The period of time
> must be definite legally; it must be a promise and not just a goal. If what the

5

> contract gives in one provision for a set term is taken back in another for discharge at the sole discretion of the employer, there is a legally indefinite term of employment.

*Id*. Accordingly, we held that, "Since there was no limit on the reasons for which [the employer] could end [the employee's] employment at any time, this was an at-will relationship. [The employee's] contract was for one year with incontestable exceptions. With an unfettered right to terminate, the contract's length was irrelevant." *Id*. at 67-68 (¶17).

¶11. Similarly, in the instant case, there was a contract for a definite period; however, there was also a provision that gave JSU the right to terminate Dr. Obene's employment at any time. As such, the provision giving JSU the unfettered right to terminate rendered Dr. Obene's employment at will.

## II. Application of *McArn*

¶12. Mississippi's adherence to the at-will-employment doctrine usually precludes an at-will employee from suing for wrongful termination as "an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *Galle v. Isle of Capri Casinos Inc*., 180 So. 3d 619, 622 (¶13) (Miss. 2015) (quoting *Harris v. Miss. Valley State Univ*., 873 So. 2d 970, 986 (¶46) (Miss. 2004)). However, in *McArn*, 626 So. 2d at 607, the Mississippi Supreme Court identified two narrow public-policy exceptions to the at-will doctrine for which an employee is not barred from bringing suit: (1) where an employee refuses to participate in an illegal act, and (2) where an employee is discharged for reporting illegal acts of his

6

employer. "The two exceptions to the Mississippi employment-at-will doctrine identified by the *McArn* court over [twenty] years ago remain the only two recognized so far." *Swindol v. Aurora Flight Scis. Corp.*, 194 So. 3d 847, 849 (¶4) (Miss. 2016) (quoting *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 521 (5th Cir. 2015)).

¶13. The *McArn* exceptions only apply where the activity complained of is actually illegal: "the acts complained of [must] warrant the imposition of criminal penalties, as opposed to mere civil penalties." *Hammons v. Fleetwood Homes of Miss. Inc.*, 907 So. 2d 357, 360 (¶11) (Miss. Ct. App. 2004). "[Because] the act itself must be criminal to implicate the exception[,] [it renders] the subjective intent or belief of the plaintiff irrelevant." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 404 (5th Cir. 2005).

¶14. In the instant case, Dr. Obene argues her wrongful-termination claim was premised upon a *McArn* exception because she was terminated for reporting the illegal act of Dr. Davis. Dr. Obene claims that summary judgment was improper because there was a genuine issue of material fact as to whether Dr. Davis's actions were illegal. Specifically, Dr. Obene argues that Dr. Davis's request for 10% of the grant funds for his supervisory role was a violation of title 18, section 641 of the United States Code (2012), which states as follows:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or [w]hoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined[,] or converted . . .[s]hall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed

7

the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

¶15. According to Dr. Obene, Dr. Davis "knowingly and willfully attempted to fraudulently appropriate a portion of the CDC grant funds by demanding an increase in his portion of the federal grant funds to 10% without performing any additional work and without any justification." However, the conduct that Dr. Obene complains about wholly fails to constitute an illegal act under section 641. Further, there was no evidence that JSU or Dr. Davis had committed an illegal act beyond Dr. Obene's assertion that Dr. Davis's request for an increase of the grant funds was illegal.

¶16. The record is clear, and the parties do not dispute, that Dr. Davis requested that Dr. Obene increase his allocation for his supervisory role from 2% to 10% in her proposed budget for the grant's continuation application. While Dr. Obene may have believed that such a request for an increase would have been illegal because JSU had a moratorium on extra-duty pay, her subjective belief about the criminality of the act was irrelevant. *Wheeler*, 415 F.3d at 404. The act she complained of must have actually been illegal. *Hammons*, 907 So. 2d at 360 (¶11). A request for an increase in the allocation of pay in the funds *proposal* portion of a grant *application* to the government does not—as Dr. Obene contends—constitute a knowing and fraudulent appropriation of government funds in violation of section 641. Because the act Dr. Obene complained of was not actually illegal, her at-will-termination claim does not fall within a protected exception of *McArn*.

¶17. Dr. Obene's wrongful-termination claim is precluded by Mississippi law and, as discussed, does not fall within a *McArn* exception. Therefore, there is no genuine issue of

8

material fact, and JSU is entitled to summary judgment.

¶18.   **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.  CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**