MICHAEL CATANIA ET AL. *v.* CHARLES J. BROWN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-6512-22683

Argued February 27—decided April 14, 1967

*William M. Vishno,* of New Haven, for the appellant (defendant).

*Joseph F. Trotta,* of New Haven, for the appellees (plaintiffs).

JACOBS, J. We are justified in assuming from the finding that the defendant is engaged in the retail paint business. In June, 1964, the plaintiff Michael Catania asked the defendant to recommend a paint to cover the exterior stucco walls of the plaintiffs' house. The defendant was told that the stucco was in a "chalky" and "powdery" condition. He recommended and sold to Catania a product known as Pierce's shingle and shake paint. At the time of the sale, the defendant advised Catania to "wire-

brush" any loose particles which were "flaky" or "scaly" before applying the paint; the defendant also told Catania to mix two or three gallons of the paint in a container and to add a thinner. No other instructions or directions were given. Catania followed the instructions as given. In November, 1964, the paint on the exterior walls of the plaintiffs' house began to peel, flake and blister. The paint did not adhere to the surface because the condition of the walls was such that a thorough "wire-brushing" and sandblasting of the entire surface were required before application of the paint.

The trial court made two crucial findings of fact: (1) Catania relied upon the defendant's skill and judgment in the selection of suitable paint for the purpose of painting the exterior walls; and (2) the defendant was at fault in recommending the particular paint as suitable for the purpose intended.

In *Corneliuson* v. *Arthur Drug Stores, Inc.*, 153 Conn. 134, 136, our Supreme Court said: "In *Crotty* v. *Shartenberg's-New Haven, Inc.* [147 Conn. 460],[1] we had occasion to consider the development of the law in the field of products liability and analyze the provisions of the Connecticut statute on implied warranties." See General Statutes §§ 42a-2-314, 42a-2-315. In the *Crotty* case, the court held (p. 464) that "under our statute, there may be an implied warranty (1) that the goods shall be reasonably fit for a particular purpose, or (2) that the goods shall be of merchantable quality. The existence, nature and extent of either implied warranty depends upon the circumstances of the case." See note, 79 A.L.R.2d 431, 469. Under the statute governing implied warranty of fitness for a particular

---

[1] For an extensive analysis of *Crotty* v. *Shartenberg's-New Haven, Inc.*, 147 Conn. 460, see note, 35 Conn. B.J. 95; see also comment, "Products Liability," 40 Conn. B.J. 155, 197; notes, 46 Cornell L.Q. 465, 40 Texas L. Rev. 193, 208, 41 Texas L. Rev. 855, 865.

purpose (§ 42a-2-315), two requirements must be met: (a) the buyer relies on the seller's skill or judgment to select or furnish suitable goods; and (b) the seller at the time of contracting has reason to know the buyer's purpose and that the buyer is relying on the seller's skill or judgment. "It is a question of fact in the ordinary case whether these conditions have been met and the warranty arises." 1 Anderson, Uniform Commercial Code § 2-315:3, p. 213.

The implied warranty of fitness is not founded on negligence; *Ireland* v. *Louis K. Liggett Co.*, 243 Mass. 243; *Lundquist* v. *Coca Cola Bottling Inc.*, 42 Wash. 2d 170; nor is it founded on fraud or lack of good faith. *Aegis Productions, Inc.* v. *Arriflex Corporation*, 25 App. Div. 2d 639 (N.Y.); 77 C.J.S., 1177, Sales, § 325. "The raising of an implied warranty of fitness depends upon whether the buyer informed the seller of the circumstances and conditions which necessitated his purchase of a certain character of article or material and left it to the seller to select the particular kind and quality of article suitable for the buyer's use . . . . So when the buyer orders goods to be supplied and trusts to the judgment or skill of the seller to select goods or material for which they are ordered, there is an implied warranty that they shall be reasonably fit for that purpose." *Green Mountain Mushroom Co.* v. *Brown*, 117 Vt. 509, 513 (improper type of roof cement); see *Kirk* v. *Stineway Drug Store Co.*, 38 Ill. App. 2d 415 (household stepladder purchased from defendant); *Martin* v. *J. C. Penney Co.*, 50 Wash. 2d 560 (shirt purchased from defendant burst into flames on contact with electric stove); *Frisken* v. *Art Strand Floor Coverings, Inc.*, 47 Wash. 2d 587 (asphalt tile recommended by defendant); *Handy* v. *Holland Furnace Co.*, 11 Wis. 2d 151 (reliance on seller's skill where seller recom-

mended thermostatic fan for plaintiff's furnace); cf. *Houston-Starr Co.* v. *Berea Brick & Tile Co.*, 197 F. Sup. 492 (seller did not impliedly warrant that cull bricks were fit for use in exterior homes). "Reliance can, of course, be more readily found where the *retailer* selects the product or recommends it." 2 Frumer & Friedman, Products Liability § 19.03[4], p. 523.

The finding, which may not be corrected, discloses that the buyer, being ignorant of the fitness of the article offered by the seller, justifiably relied on the superior information, skill and judgment of the seller and not on his own knowledge or judgment, and under such circumstances an implied warranty of fitness could properly be claimed by the purchaser. We cannot and do not consider contradictions or inconsistencies in the testimony.

As we have construed § 42a-2-315, the facts of this case fall within its provisions.

There is no error.

In this opinion PRUYN and KINMONTH, Js., concurred.