Clyde Garner (plaintiff) sued S S Livestock Dealers, Inc. and George Beam (defendants) to recover losses resulting from the sale by defendants to plaintiff of pigs infected with hog cholera. The jury found for plaintiff in the sum of $6,144.95. The trial judge sustained the defendants' motion for judgment notwithstanding the verdict and dismissed the suit. Plaintiff appealed. We reverse and remand for a new trial.
 The Pleadings
The declaration alleged that on October 24, 1968, plaintiff bought from defendants eleven swine "for the purpose of taking them to his hog ranch to feed them and resell them when they gained sufficient weight." In other words, he bought the swine as "feeder pigs." The following day one of the pigs died, and in the succeeding days other of the pigs died of hog cholera. Then plaintiff's other swine began to die of hog cholera. In all, six of the swine purchased from defendants, and sixty-three of plaintiff's other hogs died of cholera. Plaintiff claimed damages of $8,500 for the alleged "breach of implied warranty of fitness for the purpose for which these pigs were to be used."
 The Facts
Plaintiff had a small hog farm which he had developed in the eight years he had been a hog farmer, having purchased only two swine (for breeding purposes) in recent *Page 785 
years. He had never had a hog infected with hog cholera until he purchased the feeder pigs from defendants. On the day of the purchase, he took a load of hogs he had raised to market. After selling his hogs he saw a pen of feeder size pigs belonging to defendant, S S Livestock Dealers, Inc., a merchant with respect to livestock. Plaintiff inquired if the pigs in the pen were for sale, and defendant Beam advised him they were. Plaintiff then selected or picked out eleven of the pigs and purchased them. The proof is undisputed that these pigs or some of them were infected with hog cholera, and that they infected other swine belonging to plaintiff, resulting in loss to plaintiff.
 The Statute
The legislature adopted the Uniform Commercial Code effective March 31, 1968. The following are the sections of the Code involved in this case: Mississippi Code 1942 Annotated Section 41A:2-314 (Special Supp. 1967),
 (1) Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
 (2) Goods to be merchantable must be at least such as * * *.
 (c) are fit for the ordinary purposes for which such goods are used; and * * *.
 and Section 41A:2-315,
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.
 The Questions
1. The plaintiff assigns as error the action of the trial court in sustaining the motion for judgment notwithstanding the verdict.
The trial court submitted the case to the jury under Section 41A:2-315, which provides for an implied warranty of fitness for a particular purpose. In order for the plaintiff to recover under the implied warranty of fitness for a particular purpose, the evidence must be sufficient for the jury to find (1) the seller at the time of the contracting had reason to know the particular purpose for which the goods were required; (2) the reliance by the plaintiff as buyer upon the skill or judgment of the seller to select suitable goods, and (3) the goods were unfit for the particular purpose. There may be cases where the two warranties of merchantability under Section 41A:2-314 and fitness for a particular purpose under Section 41A:2-315 arise at the same time and in the particular sale involved, but this is not such a case. Bender's Uniform Commercial Code Service, Deusenberg-King § 7.02(3) (1969). The warranty of fitness for a particular purpose does not arise unless there is reliance on the seller by the buyer, and the seller selects goods which are unfit for the particular purpose. The evidence did not justify the submission of this case to the jury on the issue of warranty of fitness for a particular purpose. There is nothing in the evidence to show that the plaintiff relied upon the defendant to select either the kind of pigs, the size of pigs, or the particular individual pigs to be purchased. The facts conclusively show that out of a pen of about thirty pigs the plaintiff made his own selection. The warranty of fitness for a particular purpose involves selection, and to recover under this implied warranty, there must be some relationship between the reason the goods are unfit and the type or kind of goods selected for the particular purpose. See
Catania v. Brown, 4 Conn. Cir. 344, 231 A.2d 668 (1967). *Page 786 
The trial judge was correct in sustaining the motion for a judgment notwithstanding the verdict because the case was submitted to the jury on the wrong theory.
2. It is next contended on the part of the plaintiff that the trial court erred in refusing to let the case go to the jury on the theory of implied warranty of merchantability under section 41A:2-314. In our opinion, the trial court erred in this respect. The question arises whether the pleadings were sufficient to justify the submission of the case to the jury on the theory of implied warranty of merchantability. Mississippi Code 1942 Annotated Section 1464 (1956) provides that the declaration shall contain a statement of facts constituting a cause of action in ordinary and concise language without repetition, and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different. There was some confusion during the trial of this case as to which section of the statute the plaintiff was invoking. This was commented upon by the trial judge. In fact, the trial judge sustained an objection to appellees' attempt to disclaim the warranty under Section 41A:2-314 on the ground that the plaintiff was proceeding under Section 41A:2-315. There was considerable justification for the trial court and counsel for appellees to believe that the plaintiff was proceeding only under the warranty of fitness for a particular purpose. As the record now stands, the plaintiff was entitled to a peremptory instruction on liability on the implied warranty of merchantability. It is conceded that the defendants are merchants and that the pigs were not fit for any purpose. But for the confusion as to which section or sections of the statute the plaintiff was invoking, this Court would reverse and enter judgment for the plaintiff. Because of this confusion and the newness of the statute to this jurisdiction, the Court is of the opinion that fairness requires reversal for a new trial.
Reversed and remanded.
BRADY, PATTERSON, INZER and HARPER, JJ., concur.