906 So.2d 126 (2004)
James D. LACY, Appellant,
v.
Valford MORRISON, Appellee.
No. 2003-CA-02059-COA.
Court of Appeals of Mississippi.
December 7, 2004.
*127 Mose Lee Sudduth, Jr., attorney for appellant.
Jeffrey C. Smith, Columbus, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
BRIDGES, P.J., for the Court.
¶ 1. In December of 1995, James D. Lacy filed a complaint against Valford Morrison in the County Court of Lowndes County alleging breach of contract based on material misrepresentations. The complaint was later dismissed for want of prosecution, but Lacy obtained an agreed order allowing the claim to be re-opened. Lacy then retained new legal counsel who, after receiving court approval, filed an amended complaint alleging fraud in the inducement and breach of implied warranty of fitness for a particular purpose.
¶ 2. In October of 2001, Morrison filed a motion for summary judgment. The motion was granted by the county court, so Lacy appealed to the Circuit Court of Lowndes County. The circuit court affirmed the decision, so Lacy subsequently appealed to this Court claiming that the *128 grant of summary judgment constitutes reversible error.

STATEMENT OF FACTS
¶ 3. James D. Lacy, at all times relevant to this appeal, worked as a used car dealer buying for wholesale from various individuals and companies. Upon learning that Valford Morrison owned a Chevrolet 3500 series pickup truck with dual rear wheels, Lacy contacted him and inquired as to the possibility of purchasing the truck while also explaining that his interest in the truck was for pulling horse trailers. Morrison informed Lacy that the truck was a 1989 model when, in fact, the truck was a 1986 model. Lacy purchased the truck and subsequently drove it to Oklahoma where it was rendered inoperable due to transmission failure. Lacy paid approximately $500 to have the truck repaired and then drove it back to Lowndes County, where he had the truck returned to Morrison and demanded the return of his money. Lacy additionally sent a written document to Morrison in which he complained that the truck was unfit for his use, not in good mechanical shape, and three years older than promised. Morrison did not comply with his demands, so Lacy filed this action.

LAW AND ANALYSIS
¶ 4. Summary judgment was entered as to Lacy's claims of fraud in the inducement and breach of implied warranty of fitness for a particular purpose, and they are the subject of this appeal. Lacy, however, in an attempt to reassert the issue, declares in his brief that the lower court completely avoided his breach of contract claim. To have preserved the issue for appeal, however, Lacy was required to bring the avoided claim to the attention of the lower court, giving it the opportunity to address the issue. Failure to do so renders the claim waived and, thus, unavailable for appellate review, so we will not discuss the claim any further. See Brown v. North Jackson Nissan, Inc., 856 So.2d 692, 696(¶ 15) (Miss.Ct.App.2003) (citations omitted).

A.

Standard of Review
¶ 5. The standard employed by Mississippi's appellate courts in reviewing the grant or denial of motions for summary judgment under Rule 56(c) of the Mississippi Rules of Civil Procedure is de novo. This Court, in applying the de novo standard of review,
examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the nonmovant should be given the benefit of the doubt.
McMillan v. Rodriguez, 823 So.2d 1173, 1177(¶ 9) (Miss.2002).

B.

Fraud in the Inducement
¶ 6. Lacy maintains that the contract was breached by Morrison's material *129 misrepresentations, or more specifically, fraud in the inducement. Fraud in the inducement arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract. Contracts entered under such circumstances are voidable by the innocent party; however, the innocent party must first establish the presence of the misrepresentation or fraud alleged, which requires proving, by clear and convincing evidence, the following elements:
(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury.
Great Southern Nat. Bank v. McCullough Environmental Services Inc., 595 So.2d 1282, 1289 (Miss.1992) (citing Johnson v. Brewer, 427 So.2d 118, 121 (Miss.1983)).
¶ 7. Claims alleging misrepresentation and fraud are fact based questions, and therefore, they "generally are inappropriate for disposition at the summary judgment stage." Id. (citation omitted). However, in considering the heightened clear and convincing standard for such claims, the "Mississippi Supreme Court has affirmed a grant of summary judgment in a fraud case where the court was satisfied that a jury applying that high standard to the known facts could not reasonably find a fraud to have been committed." McGee v. Swarek, 733 So.2d 308, 312(¶ 13) (Miss.Ct. App.1998) (citation omitted). Based on our review of the record, Lacy failed to produce evidence establishing each of the aforementioned elements, thereby convincing this Court that no reasonable jury could conclude that Lacy was defrauded by Morrison.
¶ 8. The fatal defects we find with Lacy's claim, as did the trial court, is the lack of evidence demonstrating that Lacy relied on any alleged untruth made by Morrison and that said reliance resulted in consequent and proximate injury. In his brief, Lacy refutes his failure to demonstrate reliance arguing that he clearly stated that "he purchased the vehicle from Morrison based on Morrison's claims that the vehicle was a 1989 and had a new transmission suitable for towing." He continues by defending his claimed injury asserting that "the trial court admit[ed] that [he] paid $500.00 to repair the `new transmission' that Morrison represented to [him]." Our examination of the record, however, reveals that Lacy's argument is misguided.
¶ 9. In his amended complaint, the allegations of which may only be considered in our review based on the failure of Lacy's counsel to incorporate by reference the allegations contained within the original complaint, Lacy alleged as follows:
That Plaintiff purchased from Defendant a Chevrolet, four door dually, 3500 series pickup that Defendant represented to Plaintiff as being a 1989 model, but that Defendant knew at all times was in fact a 1986 model and failed, as he had promised, to provide Plaintiff with certificate of title that would have shown the correct year.
That Plaintiff paid unto Defendant the total sum of $12,500.00. That Plaintiff alleges as grounds against Defendant a material and substantial misrepresentation amounting to fraud in the inducement.
According to this language, Lacy's fraud in the inducement claim is founded solely *130 upon Morrison's misrepresentation as to the truck's make, so any alleged statements by Morrison regarding the truck's transmission, such as those quoted above from Lacy's brief, are inappropriate for consideration regarding the alleged fraud at issue. The evidence on which we must rely, therefore, in determining whether Lacy has presented sufficient proof to establish the requisite elements of fraud include the allegations in his amended complaint and his response to Morrison's motion for summary judgment with accompanying affidavits.
¶ 10. In an affidavit drafted by Lacy, he explains that Morrison "assured [him] that the year of this vehicle was 1989 which was one of the reasons [he] wanted the vehicle[, and that t]his would enhance the vehicle's worth to [him] for resale or trade purposes sometime down the road." Morrison's statement that the truck in question was a 1989 model was untruthful, and the record contains no denial of that fact by Morrison. "However, not every spoken untruth is actionable as a fraud. It is only if that untruth was designed to, and did, in fact, induce the hearer to change his position in justifiable reliance on the untruth that it becomes potentially actionable." McGee, 733 So.2d at (¶ 16). Lacy fails in this regard.
¶ 11. Lacy never explicitly stated that he acted, i.e., purchased the truck, in reliance of Morrison's misrepresentation as to the truck's make. Although this Court does "accept that proof of reliance could be through inferences," see Estate of Law v. Law, 852 So.2d 33, 38(¶ 22) (Miss.Ct.App. 2002), rev'd on other grounds, In re Estate of Law, 869 So.2d 1027 (Miss.2004), the evidence that Lacy presents is insufficient for us to make such an inference. As explained in his affidavit, Lacy simply found the make of the truck a favorable fact when considering potential resale value. He has demonstrated his belief in the untruth, but without evidence showing that said untruth induced him to consummate the purchase of the truck, Lacy has failed to establish reliance.
¶ 12. Moreover, even if Morrison's misrepresentation did induce Lacy to purchase the truck, "recovery is not permitted if the proximate cause of the monetary loss is other than the fraud alleged." Russell v. Southern National Foods, Inc., 754 So.2d 1246, 1256(¶ 47) (Miss.2000) (citation omitted). Lacy claims that the truck's transmission failed him when he pulled a horse trailer to Oklahoma and that the resulting $500 fee to have it repaired constitutes his injury, but the record is devoid of evidence establishing a relationship between the injury and the fraud alleged. The argument advanced by Lacy in his brief centers around statements by Morrison regarding the truck's new transmission. As previously noted, though, Lacy never asserted said statements as the basis for his claim of fraud. Without evidence demonstrating a causal connection between Lacy's averred reliance on Morrison's statement that the truck was a 1989 model and the subsequent failure of transmission that resulted in an injury of $500, Lacy has failed to establish the requisite injury for the fraud alleged. Accordingly, based on the lack of clear and convincing evidence establishing each individual element of Lacy's fraud in the inducement claim, summary judgment was proper.

C.

Implied Warranty of Fitness for a Particular Purpose
¶ 13. Lacy maintains that he informed Morrison of his intention to use the truck for pulling a horse trailer over long distances and that Morrison, in spite of *131 knowing that the truck was not mechanically sound, assured him "that the vehicle had a new transmission and that it would be perfect for towing." Lacy, therefore, argues that the transmission's subsequent failure, after pulling a trailer to Oklahoma, constitutes a breach by Morrison of their contract's implied warranty of fitness for a particular purpose, as codified in Miss. Code Ann. § 75-2-315 (Rev.2002).
¶ 14. The lower court granted summary judgment explaining that no warranty of fitness arose because Morrison was not a merchant, which is defined as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction... ." Miss.Code Ann. § 75-2-104(1) (Rev.2002). The lower court correctly determined that Morrison was not a merchant, but it erred in finding that a decisive fact in resolving Lacy's claim because the warranty of fitness, unlike the warranty of merchantability, "does not require a merchant seller." 1 Thomas M. Quinn, QUINN'S UNIFORM COMMERCIAL CODE COMMENTARY AND LAW DIGEST § 2-315[A][1] (2d ed.2002). Accordingly, we cannot affirm summary judgment as to this issue on the basis that Morrison was not a merchant, but we do affirm the decision based on Lacy's failure to present evidence sufficiently demonstrating that his purchase of the truck was the product of his reliance on Morrison's skill or judgment, as was also noted by the lower court.
¶ 15. An implied warranty of fitness for a particular purpose arises "where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Miss.Code Ann. § 75-2-315 (Rev. 2002). To recover under a warranty of fitness, a plaintiff must first prove the presence of the warranty regarding the transaction in question, which requires producing evidence sufficient to convince the jury that "(1) the seller at the time of the contracting had reason to know the particular purpose for which the goods were required, (2) the reliance by the plaintiff as buyer upon the skill or judgment of the seller to select suitable goods, and (3) the goods were unfit for the particular purpose." Garner v. S & S Livestock Dealers, Inc., 248 So.2d 783, 785 (Miss. 1971). So, in essence, "[t]he warranty of fitness for a particular purpose involves selection, and to recover under this implied warranty, there must be some relationship between the reason the goods are unfit and the type or kind of goods selected for the particular purpose." Id. (citation omitted). Therefore, for Lacy to recover, the evidence on record must demonstrate that Morrison, knowing Lacy intended to pull a horse trailer, selected or assisted Lacy in selecting the truck and that the truck was unfit for the particular purpose of pulling a horse trailer.
¶ 16. Whether Lacy was assisted by Morrison in this manner, however, is not explicitly alleged nor can it be inferred from the evidence presented. The evidence shows that Lacy was in apparent need of truck to pull a horse trailer, and being a used car dealer, he knew what type of truck would satisfy that need. Upon discovering that Morrison owned such type of truck, Lacy contacted him to discuss purchasing it. In an affidavit, Morrison explains, and Lacy presents no evidence to the contrary, that, "[i]nitially, the truck was not for sale; however, James Lacy continued to come by my home every day asking to purchase the truck. Finally, I agreed to let Mr. Lacy drive the truck home and keep it overnight." *132 He then returned "the next morning with the money to purchase the vehicle."
¶ 17. Lacy clearly purchased Morrison's truck on his own initiative. Any statement by Morrison regarding the truck cannot be construed as effort by Morrison to assist Lacy in the purchase, so Lacy cannot be found to have relied on Morrison's skill or judgment. Without such reliance, no implied warranty of fitness for a particular purpose arose, so Morrison cannot possibly be in breach of said warranty. Accordingly, submitting Lacy's claim to a jury would be error, so we affirm the lower court's grant of summary judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
IRVING, J., Dissenting:
¶ 19. With respect for the majority, I respectfully dissent. I cannot accept that a seller may misrepresent to a buyer that a vehicle is three years younger than it is and not be obligated to return the purchase price to the buyer when the actual age of the vehicle is discovered.
¶ 20. Here, James Lacy paid $12,500 for a truck which was represented by Valford Morrison to be a 1989 model when in fact it was a 1986 model. When Lacy discovered that the truck was a 1986 model, he returned the truck to Morrison and requested a return of his purchase money.
¶ 21. While Lacy did not seek a return of the purchase price until after the truck's transmission failed, this fact is irrelevant on the question of whether Morrison fraudulently induced Lacy to purchase the vehicle. The failure of the transmission has relevance only to a claim for breach of warranty.
¶ 22. In his amended complaint, Lacy alleged that Morrison represented to him that the vehicle was a 1989 model and that Morrison knew all along that the vehicle was in fact a 1986 model and failed, as he had promised, to provide Lacy with a certificate of title which would have shown the correct year. In his affidavit in opposition to Morrison's motion for summary judgment, Lacy explained that Morrison assured him that the vehicle was a 1989 model and that was one of the reasons Lacy wanted the vehicle, that lateness of the model would enhance the vehicle's worth for resale or trade purposes down the road.
¶ 23. I fail to see why the allegations in Lacy's complaint, along with the allegations in his affidavit in opposition to summary judgment, were not sufficient to prevent the grant of summary judgment, in Morrison's behalf, on the issue of whether there had been fraud in the inducement to purchase the vehicle. That there is no genuine issue of material fact regarding a warranty of fitness has no bearing on whether there is a genuine issue of material fact regarding inducement in the purchase, based on a misrepresentation of the model year.
¶ 24. For the reasons presented, I dissent. I would reverse and remand for a full trial on the merits of the issue as to whether Lacy was fraudulently induced to purchase the vehicle.