# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00463-SCT

*VIRGINIA COLLEGE, LLC, EDUCATION
CORPORATION OF AMERICA, DAVID
PODESTO, MILTON ANDERSON AND ERICA
CLARK*

*v.*

*CORDERO BLACKMON, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2012 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT L. GIBBS |
| | F. HALL BAILEY |
| | DELLWYN K. SMITH |
| | PETER S. FRUIN |
| | OLLIE ANCIL CLEVELAND, III |
| ATTORNEYS FOR APPELLEES: | KENYA REESE MARTIN |
| | WARREN LOUIS MARTIN, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 03/28/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND CHANDLER, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The trial court denied defendant Virginia College's motion to compel arbitration. Because the plaintiffs failed to allege sufficient facts to support a claim that they were fraudulently induced to agree to the arbitration provision, we reverse and remand.

# FACTS AND PROCEDURAL HISTORY

¶2.    Virginia College[1] requires students who wish to enroll in its surgical technology program to sign an Enrollment and Tuition Agreement ("Agreement"), which includes an agreement to arbitrate disputes. The plaintiffs[2] claim that Virginia College fraudulently induced them to sign the Agreement by falsely representing that the program had, or would obtain, accreditation from the Commission on Accreditation of Allied Health Education Programs ("CAAHEP"), and that Virginia College's failure to obtain CAAHEP accreditation deprived them of marketable degrees. Plaintiffs claim they are now prohibited by law from taking the required licensure examinations to become surgical technicians.

¶3.    Plaintiffs' second amended complaint asserts claims of fraud in the inducement of the contract; negligence; negligent hiring, retention, supervision, and/or control; gross negligence; negligence per se; fraudulent misrepresentation; trespass to chattels; breach of contract; breach of fiduciary duty; breach of the implied covenants of good faith and fair dealing; conversion; fraud; unjust enrichment; civil conspiracy; tortuous interference with potential business relationships; and fraudulent inducement of the arbitration provision.

---

[1]The plaintiffs brought suit against Virginia College, LLC, Education Corporation of America, David Podesto, Milton Anderson, and Erica Clark, who will be referred to collectively throughout this opinion as "Virginia College."

[2] The Plaintiffs are as follows: Cordero Blackmon, Charity Brady, Sharie Dessell, Ashley Dixon, Karessia Gibson, Monique L. Graham, La'Derian Hartwell, Joan Jones, Barbara D. Nevels, Pamela Wright, Erica D. Twilley, Chickieta S. Clark, Beverly Ellis, Billie Robertson, Crystal Harris, Terriette L. Weidman, Courtney Flaggs, LaJuanna Anderson, Julie Yates, Rhonda R. Moore, Jeffery Sanders, Jessica Curtiss, Joseph DeDeaux, Jennifer Runnels, Charisse Pitts, Sandra D. Johnson, Ashley M. Belcher, Kizzy D. Thornton, Terrance Bell, Terry T. Barksdale, and Tamara Gray ("Plaintiffs").

Virginia College filed a motion to compel arbitration under the Agreement's arbitration clause, which provided that:

> [a]ny claim, controversy or dispute arising out of or relating to [the Agreement] . . . arising out of or in relation to the Student's enrollment and participation in courses . . . shall, upon notice by either party to the other party, be resolved and settled by binding arbitration . . . .

¶4. Plaintiffs responded to the motion to compel arbitration by filing a motion to invalidate the arbitration provision, arguing that the provision was unconscionable and that they were fraudulently induced to enter into the contract.

¶5. The trial court did not adjudicate plaintiffs' claim that the Agreement was unconscionable, finding instead that "the plaintiffs have pled facts sufficient to support a finding of fraud in the making of the agreement to arbitrate, thereby extinguishing the validity of the arbitration provision." The trial court, finding that the arbitration clause was "unenforceable and void," granted plaintiffs' motion to invalidate, and denied Virginia College's motion to compel arbitration.

¶6. Virginia College timely perfected its appeal, arguing that the trial court erred in finding that plaintiffs pleaded facts sufficient to support a finding of fraud in the making of the arbitration clause. We agree.

**ANALYSIS**

¶7. The sole issue on appeal is whether the trial court incorrectly found that plaintiffs properly and sufficiently alleged fraud in the inducement of the arbitration provision. We review *de novo* a circuit court's grant or denial of a motion to compel arbitration.[3]

---

[3] *Univ. Nursing Assocs., PLLC v. Phillips*, 842 So. 2d 1270, 1276 (Miss. 2003).

3

¶8. The Federal Arbitration Act ("the Act") controls "[w]hen a commercial transaction involving interstate commerce includes an agreement to arbitrate disputes."[4] Under the Act, such arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[5] The Act establishes a broad federal policy favoring arbitration, and thus places arbitration agreements on "equal footing" with all other types of contracts.[6] Therefore, "[d]oubts as to the availability of arbitration must be resolved in favor of arbitration,"[7] and the party opposing arbitration has the burden of establishing defenses to the enforcement of the provision.[8]

¶9. For the first time, we are called upon to consider a challenge to the validity of an arbitration provision based on an alleged fraud in the inducement of the agreement to arbitrate. Because the Act "creates a body of federal substantive law" applicable in both state and federal courts, United States Supreme Court decisions interpreting the Act control our disposition of this issue.[9]

---

[4]*Miss. Credit Ctr. v. Horton*, 926 So. 2d 167, 173 (Miss. 2006); The parties do not dispute the applicability of the Act and likewise acknowledge that the Agreement contains an agreement to arbitrate disputes arising from the students' enrollment at Virginia College.

[5]9 U.S.C. §2 (1947).

[6]*Buckeye Check Cashing, Inc. v. Cardegna et al.*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006).

[7]*Terminix Int'l Inc. v. Rice*, 904 So. 2d 1051, 1054 (Miss. 2004).

[8]*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

[9]*Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) (citations omitted).

¶10.    Generally, fraud in the inducement "arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract."[10]  In 1967, the United States Supreme Court addressed the issue of whether claims of fraudulent inducement of contracts that include arbitration provisions should be resolved by the courts or by arbitrators.[11]

¶11.    In *Prima Paint Corp. v. Flood & Conklin Manufacturing Corp.*, Prima Paint refused to make payments under a consulting agreement with F&C Manufacturing on the grounds that F&C had fraudulently misrepresented its solvency at the time the parties executed the agreement.[12]  In its complaint, Prima Paint alleged that it was "fraudulently induced to accelerate the execution and closing date of the (consulting) agreement . . . from October 21, 1964 to October 7, 1964."[13] The High Court, finding that arbitration clauses are "severable" from the contracts in which they are embedded, held that "if the claim is fraud in the inducement of the arbitration clause *itself* – an issue which goes to the 'making' of the agreement to arbitrate – the federal court may proceed to adjudicate it."[14]  However, the Court found that the Act did not extend to federal courts the power to hear claims of fraud in the inducement of the contract *as a whole*.[15]

---

[10]*Lacy v. Morrison*, 906 So. 2d 126, 129 (Miss. Ct. App. 2004).

[11]*Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*, 388 U.S. 395, 402, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).

[12]*Id.* at 398.

[13]*Id*. at 398 n.2.

[14]*Id*. at 403-404 (emphasis added).

[15]*Id.* (emphasis added).

5

¶12.    In a followup decision addressing fraudulent inducement of contracts that include arbitration clauses, the Supreme Court stated that

> . . . in **Prima Paint** itself, where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract – we nonetheless require the basis of the challenge to be directed specifically to the agreement to arbitrate before the court will intervene."[16]

¶13.    A claim that a party was fraudulently induced to enter into a contract is not a sufficient basis for a trial judge to usurp the authority of the arbitrator to decide the issue, because federal law has clearly established that allegations of fraud in the inducement of a contract as a whole must be submitted to arbitration.[17] We will not invalidate an arbitration provision on the basis of fraudulent inducement, unless the complaint specifically and clearly alleges the party was fraudulently induced to enter into the agreement to arbitrate – which must be independent of any fraud inducing the contract as a whole[18] – and the claim must be pleaded with particularity.[19]

¶14.    Virginia College argues that plaintiffs' fraud allegations are deficient because they allege fraud in the making of the overall Agreement, and that plaintiffs fail to allege any fraudulent misrepresentations specifically designed to persuade plaintiffs to arbitrate claims arising from the Agreement. We agree. The allegations of fraud – despite the generalized

---

[16] **Rent-A-Center, West, Inc. v. Jackson**, ___ U.S. ___, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).

[17] **Prima Paint,** 388 U.S. at 403-404; **Buckeye Check Cashing**, 546 U.S. at 445-46.

[18] *See* **Will-Drill Resources, Inc. v. Samson Res. Co.**, 352 F. 3d 211, 218 (5th Cir. 2003); **Rent-A-Center**, 130 S. Ct. at 2778.

[19] Miss. R. Civ. P. 9(b).

title of "Fraudulent Inducement of the Arbitration Provision" in the complaint – allege fraudulent inducement of the whole Agreement.

¶15.    A claim of fraudulent misrepresentation concerning the arbitration provision requires Plaintiffs to make specific allegations concerning the arbitration provision itself, including:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.[20]

¶16.    But plaintiffs' allegations of fraud attach to the Agreement rather than the arbitration provision.  So we must apply federal law, which requires such claims to be decided by an arbitrator.

¶17.    In their complaint, plaintiffs do allege that the arbitration clause "gives these Defendants a 'green light' to perpetrate all sorts of fraudulent acts – including charging these Plaintiffs for dormitory fees when Virginia College at Jackson does not even offer or provide student housing . . . all while hid[ing]  behind the cover of an illegal arbitration provision." But these allegations – although situated under the heading "Fraudulent Inducement as to the Arbitration Provision" – address fraudulent acts that are alleged to have occurred *after* plaintiffs signed their Agreements, and not some action by Virginia College inducing them to agree to the arbitration clause.

¶18.    Plaintiffs argued in their response to Virginia College's motion to compel that they "only consented to arbitration based solely upon fraudulent inducement and fraudulent misrepresentation of material facts regarding Virginia College's accreditation status."

---

[20]*Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 831 (Miss. 2009).

7

Similarly, in a sworn affidavit submitted to supplement plaintiffs' motion to invalidate, one plaintiff alleged: "[b]ut for the false statements made by Virginia College and the school's concealment of its true accreditation status, I would not have signed the Enrollment and Tuition Agreement."

¶19. But these allegations fail to allege that Virginia College officials misrepresented facts solely related to the arbitration clause itself. They do not allege, for example, that a Virginia College official stated that the clause would not be enforced in the event of a dispute, or that there was NO arbitration clause in the Agreement when, to their surprise, there actually was. Instead, their allegations touch upon the inducement of the overall contract, and for the courts to adjudicate these claims would be inconsistent with the dictates of *Prima Paint*. As discussed, *supra*, it is the arbitrator's duty to determine whether the contract was fraudulently induced.

¶20. At oral argument, plaintiffs argued that the Agreement, and its arbitration clause, are unconscionable. But because the trial judge failed to address this claim, it is not ripe for our review.

**CONCLUSION**

¶21. Because plaintiffs failed to allege or demonstrate facts sufficient to support a claim of fraudulent inducement of the arbitration clause, we reverse and remand for proceedings consistent with this opinion.

¶22. **REVERSED AND REMANDED**.

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

8