# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01705-COA

ARLAN DORMAN                                                          APPELLANT

v.

ARTIS FRANKLIN POWER, EARL BAKER,                        APPELLEES
SHARON HUMPHRIES, ROBERT E.
WEATHERSBY, III, AND CYNTHIA PARIS
WEATHERSBY A/K/A CINDY P.
WEATHERSBY A/K/A CYNTHIA RENEE PARIS
WEATHERSBY

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2014 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES H. ARNOLD JR. |
| ATTORNEYS FOR APPELLEES: | ARTIS FRANKLIN POWER (PRO SE) CHARLES HAYS BURCHFIELD JASON EDWARD DARE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF THE DEFENDANTS/ APPELLEES |
| DISPOSITION: | AFFIRMED - 10/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

CARLTON, J., FOR THE COURT:

¶1.     Arlan Dorman filed suit against Artis Power, Robert and Cynthia Weathersby, Earl

Baker, and Sharon Humphries to confirm title and remove cloud on title to two parcels of

land.  The defendants filed a motion for summary judgment, which the chancellor granted.

Dorman now appeals, asserting the following assignments of error:  (1) the chancellor erred

in granting summary judgment on Dorman's fraud claim as well as the claim of inadequate consideration; (2) to the extent that Dorman's complaint failed to plead fraud with sufficient particularity, the defect was corrected by the affidavit provided by Dorman as well as a motion to amend to which a sworn complaint was attached; and (3) the chancellor erroneously dismissed Dorman's adverse-possession claim based on a typographical error. Finding no error, we affirm.

**FACTS**

¶2.     In May 2008, Dorman filed suit against Power to confirm title and remove cloud on title to two parcels of land in Montgomery County, Mississippi:  (1) a thirteen-acre tract and (2) an eleven-and-a-half-acre tract.  Dorman conveyed the property to Power by a warranty deed entered in the land records of Montgomery County on January 7, 2008.  In his complaint, Dorman alleged that the warranty deed should be set aside because "[Dorman] was not given adequate compensation and through fraud was deceived by [Power] into signing the deed to him."  When Power failed to file an answer, Dorman received a default judgment in July 2009.

¶3.     Over a year later, in August 2010, Robert and Cynthia Weathersby filed a motion to set aside the judgment on the grounds that Dorman failed to provide notice to the Weathersbys, as rightful owners of the property at issue, of his May 2008 complaint.  The Weathersbys also claimed that the land at issue was no longer owned by Power.  In their motion, the Weatherbys stated that they possessed fee-simple-absolute title and ownership in and to the 24.7 acres of land at issue by virtue of, and through the conveyance from, Earl

Baker and Sharon Humphries by a warranty deed dated March 12, 2008. The record reflects that Baker and Humphries received their ownership of the property by virtue of a warranty deed from Power dated January 29, 2008.

¶4. On May 10, 2011, the chancellor set aside the previous judgment in favor of Dorman and granted "ownership, use, and possession" of the property to the Weathersbys. The chancellor granted Dorman leave to amend his petition. The record contains no appeal by Dorman of the chancellor's order.

¶5. On May 11, 2011, Dorman filed an affidavit written by Mary Fulgham. In her affidavit, Fulgham stated that she was present when Power gave Dorman the warranty deed to sign. According to Fulgham, Power represented to Dorman that the deed was for a five-acre tract of land with a residence on it when, in fact, the deed described some twenty acres. Fulgham also stated that Power did not pay Dorman any money for the conveyance.

¶6. In June 2011, Dorman filed an amended complaint naming Power, Baker, Humphries, Robert, Cynthia, and BankPlus as defendants (hereinafter collectively referred to as "the Weathersbys"), and requesting the chancellor to "adjudicate [Dorman] to be the sole owner by record title or in the alternative by adverse possession" of the property. Dorman stated that he "has been in continuous and uninterrupted occupation and possession of the subject property" since January 7, 2004, during which time his use of the property "has been exclusive and peaceful, open and notorious and undisputed." Dorman also asserted that Power filed to provide him with adequate compensation for the deed and "through fraud was

3

deceived by [Power] into signing the deed to him."[1]  Baker and Humphries filed an answer

to Dorman's amended complaint on June 28, 2011.

¶7.     The Weathersbys filed a motion for summary judgment on February 22, 2012.

Dorman filed his response to this motion on March 7, 2012, and Dorman again attached the

affidavit from Fulgham.  Dorman's response to the motion for summary judgment provided

that "[Dorman's] claim for adverse possession should include that time that said property was

possessed by him upon receiving a deed from his mother and father" conveying to him an

interest in the property, along with two other family members, as joint tenants with full rights

of survivorship.  The record reflects that this deed was conveyed on June 24, 1993.  As a

result, Dorman asserted that his possession of the property exceeded the ten-year requirement

for adverse possession.  Dorman attached an affidavit to his response wherein he swore to

the truth of the matter.

¶8.     On May 21, 2012, the chancellor held a hearing on the motion for summary judgment.

On July 18, 2012, Dorman filed a motion to amend his complaint.  In his motion, Dorman

provided that Power defrauded him in the following ways:

> Artis Power falsely promised to [Dorman] that in exchange for Dorman giving
> Power a deed on approximately three acres of Dorman's property that Power
> would obtain a loan and give Dorman money to work his land including money
> to repair his bulldozer. Power promised that he would return the deed to
> Dorman.
>
> . . . Power further defrauded Dorman by having Dorman sign a deed that gave
> Power twenty-two acres of Dorman's land rather than the approximately three
> acres they had discussed. Knowing that Dorman is functionally illiterate,

---

[1] The record reflects that Dorman's amended complaint was notarized on April 9,
2011, but he failed to file the complaint until June 2, 2011.

Power presented a deed for twenty-two acres for Dorman to sign and represented to Dorman that the deed Dorman was signing was for three acres.

. . . At the time that Power made these promises and representation[s], Power knew they were false. Dorman, not knowing that Power's promise to obtain a loan and give money was false or that Power had . . . Dorman sign away twenty-two acres instead of three, relied on Power's promises and representation. Dorman had a right to rely on Power's promises and representations and these promises and representations were material in that Dorman would not have handed over the deed had Power not made them. Power, however, never made good on his promise to obtain a loan and give Dorman the money and then return the deed to Dorman. Instead Power sold the land to codefendant Earl Baker. Dorman received nothing in exchange for giving Power the deed and when Dorman demanded that Power return the deed, he refused to do so.

. . . Dorman suffered damages in that he was defrauded out of twenty acres of land and got nothing in return. These damages were proximately cause[d] by Power's fraudulent promises and misrepresentations.

The record reflects no ruling by the chancellor on this motion.

¶9. On September 22, 2014, following a hearing, the chancellor granted the motion for summary judgment in favor of the Weathersbys and entered an order stating that "any and all clouds on the title to the property . . . are hereby lifted . . . and title is hereby confirmed in [the Weathersbys]." The chancellor further held that Dorman's claim for adverse possession failed because "Dorman has not possessed and/or occupied the property at issue 'continuous[ly] and uninterrupted for a period of ten years.'"

¶10. Regarding Dorman's claims for fraud and fraudulent misrepresentation, the chancellor determined that the issue "is ripe for dismissal because Dorman has failed to plead such claim with specificity pursuant to [Mississippi Rule of Civil Procedure] 9(b)." Finally, the chancellor held that Dorman's claim for inadequate compensation failed "because [Dorman]

5

acknowledged adequate consideration was provided in the [w]arranty [d]eed, and he has not submitted evidence to defeat the rebuttable presumption that consideration exists." On October 16, 2014, the Court entered a final judgment.

¶11. Dorman filed a motion for reconsideration on October 22, 2014. The chancellor denied Dorman's motion on December 31, 2014. This appeal followed.

## STANDARD OF REVIEW

¶12. We review a trial court's grant or denial of summary judgment de novo. *Grand Legacy LLP v. Gant*, 66 So. 3d 137, 143 (¶17) (Miss. 2011). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). Upon review, this Court must view the evidence "in the light most favorable to the party against whom the motion has been made." *Grand Legacy*, 66 So. 3d at 143 (¶17).

## DISCUSSION

### I. Fraud

¶13. Dorman argues that the chancellor erred in granting summary judgment. Dorman asserts that he was induced into signing a deed based on Power's false promises and representations. Dorman specifically alleges that Power defrauded him by promising that if Dorman gave Power a deed on approximately three acres of Dorman's property, Power would then loan Dorman money to work his land and repair his bulldozer. Dorman states

6

that Power promised that he would then return the deed to Dorman. Dorman claims that Power further defrauded him by taking advantage of the fact that Dorman is illiterate, asserting that Power presented Dorman with a deed to sign for twenty-two acres and represented to Dorman that the deed was for only three acres. As a result, Dorman maintains that the chancellor should have set aside the deed that he claims Power fraudulently induced him to sign.

¶14. In his appellate brief, Dorman admits that "the original complaint and the amended complaint failed to specify the basis of the fraud." However, Dorman maintains that in his response to the Weathersbys' motion for summary judgment, he attached the affidavit from Fulgham stating that Fulgham witnessed Power's misrepresentations to Dorman. Dorman also states that he filed a motion to amend his complaint on July 18, 2012, and he again attached Fulgham's affidavit as evidence of Power's fraud. Dorman asserts that the chancellor erred in granting summary judgment without addressing whether Dorman could amend his complaint. As stated, the record reflects no ruling on Dorman's July 18, 2012 motion by the chancellor.[2]

¶15. The January 7, 2008 warranty deed conveyed to Power by Dorman provides:

---

[2] *But see* M.R.C.P 56(b) ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."); *see also Merideth v. Merideth*, 987 So. 2d 477, 482 (¶13) (Miss. Ct. App. 2008) (recognizing that Mississippi Rule of Civil Procedure 15(a) provides that "a party may amend a pleading as a matter of course at any time before a responsive pleading is served[;] . . . [o]therwise a party may amend a pleading only by leave of court or upon written consent of the adverse party"). In the present case, after a responsive pleading had been filed, Dorman could not amend without leave of the court or written permission from the adverse party.

> For an [sic] in consideration of the sum of [ten dollars] cash in hand paid and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I, ARLEN EUGENE DORMAN[,] . . . do hereby sell, convey, and warrant unto . . . Artis Franklin Power . . . my undivided interest in the following described real property, together with all easements and appurtenances thereunto belonging, lying and being situated in Montgomery County, Mississippi, to wit: 13.2 acres . . . [and] 11.5 acres[.]

¶16. Mississippi Rule of Civil Procedure 9(b) mandates: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[3] Additionally, "[f]raud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated." *EDW Investments LLC v. Barnett*, 149 So. 3d 489, 493 (¶9) (Miss. 2014). The Mississippi Supreme Court has provided that

> the elements of fraud, which must be proven by clear and convincing evidence, include: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury.

*In re Estate of Law*, 869 So. 2d 1027, 1029 (¶4) (Miss. 2004) (quoting *Levens v. Campbell*, 733 So. 2d 753, 761-62 (¶¶35-39) (Miss. 1999)); *see also Waters v. Allegue*, 980 So. 2d 314, 318 (¶11) (Miss. Ct. App. 2008). The record reflects that Dorman's failure to plead fraud with specificity as required by Rule 9 resulted in his failure to show a genuine dispute of material fact as to fraud.

¶17. "The standard of review of the grant of summary judgment regarding allegations of fraud remains the familiar genuine-issue-of-material-fact standard quoted above." *Grand*

---

[3] *See also Brabham v. Brabham*, 483 So. 2d 341, 342 (Miss. 1986).

*Legacy*, 66 So. 3d at 145-46 (¶27); M.R.C. P. 56(c). This Court recognizes that "[c]laims alleging misrepresentation and fraud are fact[-]based questions, and therefore, they generally are inappropriate for disposition at the summary judgment stage." *Lacy v. Morrison*, 906 So. 2d 126, 129 (¶7) (Miss. Ct. App. 2004) (internal quotation marks omitted); *see also Grand Legacy*, 66 So. 3d at 145-46 (¶27). In *Yowell v. James Harkins Builder Inc.*, 645 So. 2d 1340, 1344 (Miss. 1994), the supreme court explained that triable issues of fact may include "whether the facts or evidence support the allegation that fraud and misrepresentation were involved." We recognize, however, that the supreme court "has affirmed a grant of summary judgment in a fraud case where the court was satisfied that a jury applying that high standard [of clear and convincing evidence] to the known facts could not reasonably find a fraud to have been committed." *Lacy,* 906 So. 2d at 129 (¶7); *see also Haygood v. First Nat'l Bank of New Albany*, 517 So. 2d 553, 555-56 (Miss. 1987) (upholding summary judgment where no genuine issue existed as to whether the jury could have found fraud by the clear-and-convincing standard).

¶18.    After the hearing on the motion for summary judgment, the chancellor entered an order finding "Dorman's claim for fraud and/or fraudulent misrepresentation is ripe for dismissal because Dorman has failed to plead such claim with specificity pursuant to [Rule] 9(b)." Acknowledging our standard of review, and after our review of the record, we find no error in the chancellor's determination regarding this issue.[4]

---

[4] *See State Indus. Inc. v. Hodges*, 919 So. 2d 943, 948 (¶13) (Miss. 2006) (Smith, C.J., dissenting) (Chief Justice Smith argued in his dissent that if a plaintiff's complaint does not comply with the particularity requirement of Rule 9(b), then the complaint should not survive a motion to dismiss for failure to state a claim under Mississippi Rule of Civil

## II. Inadequate Consideration

¶19. Dorman also argues that the chancellor erred in determining that Dorman's inadequate-consideration argument failed after finding that the warranty deed stated on its face that adequate consideration was tendered by Power and no evidence was presented to dispute the language contained in the deed. Dorman maintains that he attached Fulgham's affidavit to his response to the motion for summary judgment. In her affidavit, Fulgham provided that Power failed to pay Dorman any money for the deed. Dorman asserts that Fulgham's affidavit was sufficient to create a material dispute as to whether there was adequate consideration for the deed.

¶20. In determining whether to grant a motion for summary judgment, the supreme court has explained that "[t]he moving party has the burden of demonstrating that no genuine issue of material fact exists, while the nonmoving party should be given the benefit of every reasonable doubt." *Ladnier v. Hester*, 98 So. 3d 1025, 1028 (¶10) (Miss. 2012). "A fact is material if it tends to resolve any of the issues properly raised by the parties." *Id*. (internal quotation marks omitted).

¶21. In her order granting summary judgment in favor of the Weathersbys, the chancellor held that "Dorman's claim for inadequate consideration fails because [Dorman] acknowledged adequate consideration was provided in the warranty deed, and he has not submitted evidence to defeat the rebuttable presumption that consideration exists." The record reflects that the warranty deed issued to Power by Dorman indeed expressly stated on

Procedure 12(b)(6)); *see also Allen v. Mac Tools Inc*., 671 So. 2d 636, 642 (Miss. 1996) ("Fraud will not be inferred or presumed and may not be charged in general terms.").

its face that adequate and proper consideration was provided. However, the record also reflects that Dorman attached Fulgham's affidavit to his response to the Weathersbys' motion for summary judgment. As stated previously herein, Fulgham stated in her affidavit that Power did not pay Dorman any money for the conveyance.

¶22. Taking the evidence in the light most favorable to Dorman, as we must, we find that the record reflects that Dorman's assertions and the evidence of Fulgham's affidavit fail to raise a genuine issue of material fact. We therefore find no error with the chancellor's ruling as to this issue.

### III. Adverse Possession

¶23. Finally, Dorman argues that the chancellor erroneously dismissed Dorman's adverse-possession claim based on a typographical error; namely, Dorman's initial claim that he had "been in continuous and uninterrupted occupation and possession of the subject property" since January 7, 2004. Dorman asserts that this was a typographical error in the answer to his complaint, which Dorman maintains he cleared up in his response to the motion for summary judgment filed on March 7, 2012.

¶24. Mississippi Code Annotated section 15-1-13(1) (Rev. 2012) governs adverse-possession claims and provides:

> Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title[.]

We recognize:

11

A six-element test is relied upon by the chancery court when assessing claims of adverse possession. The party claiming adverse possession must show, by clear and convincing evidence as to each element, that his possession was (1) under a claim of right or ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.

*Conliff v. Hudson*, 60 So. 3d 203, 206 (¶9) (Miss. Ct. App. 2011). Additionally, "[t]he adverse possessor must also possess the property without permission, because permission defeats any claim of adverse possession." *Roberts v. Young's Creek Inv. Inc.*, 118 So. 3d 665, 670 (¶10) (Miss. Ct. App. 2013).

¶25. In his response to the Weathersbys' motion for summary judgment, Dorman provided that "his claim for adverse possession should include that time that said property was possessed by him upon receiving a deed from his mother and father conveying to him a joint deed . . . dated June 24, 1993, which exceeds the ten[-]year[-]statute[-]of[-]limitations requirement." Dorman attached an affidavit to his response wherein he swore to the truth of the matter.

¶26. This June 24, 1993 deed appears to have been attached as an exhibit to the Weathersbys' complaint to set aside the order, remove a cloud, and confirm title and also as an exhibit to the Weathersbys' motion for summary judgment. The deed reflects that Dorman's parents conveyed to him an interest in the property at issue, along with two other family members, as joint tenants with full rights of survivorship. The record shows that Dorman's sister deeded him the property in its entirety on January 7, 2004. The record further reflects that Dorman initially possessed the property with his sister, Katie, and another relative, Percy Dorman, as joint tenants, but that Percy was deceased when Katie deeded her

12

interest over to Dorman.  As a result, Dorman constituted the actual, true, and record owner of the property until he deeded the property to Power in January 2008.  We thus find no error in the chancellor's determination that no genuine issue exists as to Dorman's claim for adverse possession  because Dorman failed to present evidence to create a genuine issue of material fact as to whether he adversely possessed or occupied the property continuously and uninterrupted for a period of ten years.  This issue therefore lacks merit.

¶27.    **THE JUDGMENT OF THE MONTGOMERY COUNTY CHANCERY COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES AND ISHEE, JJ., CONCUR. GREENLEE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., BARNES AND FAIR, JJ. FAIR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

**GREENLEE, J., SPECIALLY CONCURRING:**

¶28.    The majority opinion correctly finds that the chancellor properly sustained the motion for summary judgment filed by the appellees against Dorman's claim of fraud committed by Power in procuring a warranty deed from Dorman and Dorman's claim of adverse possession of the subject real property.

¶29.    Though possibly not fully brought before the chancery court, a review of the chain of title would reveal another reason that Dorman's appeal concerning underlying fraud is without merit and that the outcome of the chancellor's judgment is appropriate.

¶30.    In real-property law, Mississippi is a race-notice state. Miss. Code Ann. § 89-5-1 (Rev. 2011). Moreover, Mississippi recognizes that a bona fide purchaser for value of real

13

property without notice of adverse claims of others gains title to the real property despite the claims of others of which the purchaser had no notice. *Robertson v. Dombroski*, 678 So. 2d 637, 640 (Miss. 1996); *Price v. Martin*, 46 Miss. 489, 499 (1872); *Am. Pub. Fin. Inc. v. Smith*, 45 So. 3d 307, 311-12 (¶12) (Miss. Ct. App. 2010).

¶31. Therefore, the grantees from Power, Baker, and Humphries, and then their subsequent grantees, the Weathersbys, are afforded those protections. In the proceedings below, there appears to be no hint that these subsequent grantees were on notice of any irregularities affecting their title.

¶32. I concur in affirming the chancellor's judgment.

**LEE, C.J., BARNES AND FAIR, JJ., JOIN THIS OPINION.**