# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00910-COA

JUDY JARRELL                                                                     APPELLANT

v.

COASTAL EAR, NOSE, & THROAT, HEAD AND                           APPELLEE
NECK SURGERY ASSOCIATION, PLLC

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2022 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DANIEL MYERS WAIDE |
| ATTORNEYS FOR APPELLEE: | PAUL J. DELCAMBRE JR. ASHLEY ELEY CANNADY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/28/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Judy Jarrell appeals the Harrison County Circuit Court's grant of summary judgment in favor of Coastal Ear Nose & Throat, Head and Neck Surgery Association PLLC ("Coastal ENT"). On appeal, Jarrell argues that the circuit court erred by striking portions of her affidavit and by finding that Jarrell failed to prove that she is excepted from the employment-at-will doctrine. *See McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993).

## FACTS

¶2.     During 2019 and part of 2020, Judy Jarrell was employed as an officer manager for Coastal ENT. In January 2020, Coastal ENT terminated Jarrell's employment.

¶3.     In December 2020, Jarrell filed a complaint for damages against Coastal ENT.  In her complaint, Jarrell alleged that she was wrongfully discharged because she reported allegedly criminal conduct by an employee and that she refused to participate in Coastal ENT's allegedly fraudulent billing practices.  Jarrell also alleged that Coastal ENT breached her employment contract and its duty of good faith and fair dealing.[1]

¶4.     Coastal ENT denied Jarrell's allegations and maintained that Jarrell's employment was terminated as the result of a dispute involving an insurance claim and patient billing.  In its answers to Jarrell's interrogatories, Coastal ENT asserted that Jarrell's supervisor, David Burkart, had several conversations with Jarrell during her employment to discuss what Coastal ENT perceived as insubordination, unsatisfactory management of clinic staff, and other concerning issues.  Coastal ENT stated that these issues—specifically, a dispute involving an insurance claim and patient billing—ultimately led to Jarrell's employment being terminated.

¶5.     Coastal ENT filed a motion for summary judgment arguing that no genuine issues of material fact existed because Jarrell was an at-will employee.  Coastal ENT also argued that Jarrell's claim did not fall within the limited "whistleblower" exception to the employment-at-will doctrine because she failed to allege or put forth evidence of any specific criminal conduct by Coastal ENT or its employees.  In support of its motion, Coastal ENT attached

---

[1] In its order granting summary judgment, the circuit court dismissed Jarrell's claim for breach of an employment contract in bad faith.  Jarrell does not appeal the circuit court's dismissal of this claim.

the following: Jarrell's complaint, Coastal ENT's answers and defenses, answers to interrogatories by Coastal ENT and Jarrell, the affidavits of two Coastal ENT employees, and the affidavit of a representative from an insurance company.

¶6. Jarrell filed a response opposing summary judgment. In her response, Jarrell alleged for the first time that Coastal ENT was guilty of mail fraud in violation of Mississippi Code Annotated section 97-19-83 and false pretenses in violation of Mississippi Code Annotated section 97-19-39(2). In support of her response, Jarrell attached her own affidavit.

¶7. Coastal ENT moved to strike parts of Jarrell's affidavit. The circuit court entered an order striking portions of Jarrell's affidavit after finding that the statements "contain hearsay, lack foundation, and/or are not factual but are merely speculative statements" and were therefore inadmissible. The circuit court explained that "only admissible evidence can support or oppose summary judgment." (citing MRE 401; *McArn*, 626 So. 2d at 607).

¶8. The circuit court ultimately granted Coastal ENT's motion for summary judgment. In its order, the circuit court found that Jarrell was an at-will employee. The circuit court explained that Jarrell did not have a written employment contract with Coastal ENT, and pursuant to Coastal ENT's Employee Manual, an employee without a contract is an at-will employee.

¶9. Regarding Jarrell's claim that the whistleblower exception applied, the circuit court acknowledged that an exception to the at-will employment doctrine arises when an employee is fired for reporting "criminal" conduct or for refusing to participate in criminal conduct, but

3

the circuit court found that Jarrell failed to meet her burden of showing that this exception applied to her case. The circuit court explained that nothing in the record supported Jarrell's assertion of protected whistleblower status other than Jarrell's "subjective belief and speculation to support her claim that Coastal ENT committed criminal billing fraud and/or insurance fraud."

¶10. Jarrell now appeals.

## DISCUSSION

### I.       Jarrell's Affidavit

¶11. Jarrell argues that the circuit court erred by striking part of her affidavit after finding that Jarrell was not competent to testify about Coastal ENT's billing and insurance-related matters. Jarrell maintains that as the office manager, she had firsthand knowledge as to what bills were paid and unpaid as well as knowledge of any payments charged to and made by patients.

¶12. Mississippi Rule of Civil Procedure 56(e) provides:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Affidavits opposing a motion for summary judgment, like the one at issue before us, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." *Id.* "[P]ortions of affidavits that contain inadmiss[i]ble testimony or

4

allegations that are not based on personal knowledge must be struck and cannot be considered . . . ." *Trustmark Nat'l Bank v. Meador*, 81 So. 3d 1112, 1117 (¶11) (Miss. 2012). We review a circuit court's grant of a motion to strike an affidavit for an abuse of discretion. *Id*. at 1116 (¶9).

¶13. In response to Coastal ENT's motion for summary judgment, Jarrell filed an opposing motion and relied solely on her own affidavit to support her claims that Coastal ENT committed fraud. In her affidavit, Jarrell stated:

> *It is my belief* that my employer was engaged in fraud/false pretenses by sending bills to insurance companies even though the patient had already paid for their services/devices in full. (Miss. Code Ann. § 97-19-83) (Miss. Code Ann. § 97-19-35 et seq). In fact, my employer was overbilling the patients, and then billing the insurance company on top of what the patient was billed and paid.

(Emphasis added). Jarrell specifically alleged that Coastal ENT's audiologist overcharged a patient for hearing aids, stating:

> I know from my experience that [the audiologist] purchased hearing aids from the distributor at a cost of $1900.00. [The audiologist] demanded and [r]eceived $2,800 from the patient. [The audiologist] then billed the insurance company who allowed a total payment under the first choice network of $1,416.25. The insurance company paid $1000.00 and noted that the patient's total responsibility would be $416.25 and not the $2800.00 as demanded and collected from the patient with a total payment received for $3800.00 of which $2383.75 was an overpayment. It was after my investigation that I determined the claim was processed and paid correctly.

Jarrell stated that the audiologist then called the insurance company for advice regarding this specific insurance claim, and "[t]he response provided by the insurance company was that [the audiologist] had an option to appeal the claim." Jarrell asserted that "[i]t's common

5

knowledge known by experienced claim handlers that all claim disputes allow an option to appeal." Jarrell further opined that it was "likely" that this audiologist "may" have overcharged other patients as well. Jarrell did not attach any supporting documentation to her affidavit.

¶14. Coastal ENT filed a motion to strike portions of Jarrell's affidavit, which the circuit court granted. In the order striking Jarrell's affidavit, the circuit judge listed each of the statements in Jarrell's affidavit that he was striking and explained his reasons for striking each statement. The circuit judge found that the objectionable statements in Jarrell's affidavit "contain hearsay, lack foundation, and/or are not factual but are merely speculative statements" and were therefore inadmissible under the Mississippi Rules of Evidence. Regarding Jarrell's statements and the opinions expressed in her affidavit, the circuit judge found that Jarrell failed to lay a sufficient foundation to establish her personal knowledge on these issues. *See* MRE 602 (need for personal knowledge). The circuit court also found that Jarrell failed to show she had the requisite education, training, and experience to render opinions on insurance claims, contracts, and appeals. *See* MRE 701 (opinion testimony by lay witnesses) & 702 (testimony by expert witnesses).

¶15. The Mississippi Supreme Court has stated that "mere allegations or unsupported speculation [is] not enough to defeat a summary judgment motion." *Johnson v. Brock*, 337 So. 3d 1053, 1057 (¶12) (Miss. 2022); *Buckel v. Chaney*, 47 So. 3d 148, 157 (¶28) (Miss. 2010). Here, we find that Jarrell's affidavit contained unsupported and speculative

statements as well as hearsay. Jarrell failed to provide or even quote from Coastal ENT's contract with the insurance company. Jarrell provided no documentation showing that the patient at issue actually received or paid an overcharged amount to Coastal ENT. The record does not contain the patient's bill, an affidavit from the patient, or any other evidence to show that the patient was defrauded or that Coastal ENT possessed the intent to commit fraud. Jarrell also failed to establish that she possessed personal knowledge of Coastal ENT's billing practices or that she was qualified to render opinions regarding Coastal ENT's insurance-related matters. After our review, we cannot say that the circuit court abused its discretion in striking portions of Jarrell's affidavit.

## II.    Summary Judgment

¶16.    Jarrell argues that the circuit court erred by granting summary judgment in favor of Coastal ENT after finding that Jarrell failed to meet her burden of showing that she qualifies as a "whistleblower" and is excepted from the employment-at-will doctrine.

¶17.    We review a circuit court's grant of a motion for summary judgment de novo. *Est. of Turner v. Town Pharmacy & Gifts LLC*, 310 So. 3d 1229, 1233 (¶17) (Miss. Ct. App. 2021). In so doing, we view the evidence "in the light most favorable to the non-moving party." *Id*. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. (quoting M.R.C.P. 56(c)). "The non-moving party 'may not rest

7

upon the mere allegations or denials of his or her pleadings, but, by affidavits or as otherwise provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 1233-34 (¶17) (quoting M.R.C.P. 56(e)). "[T]he court must grant summary judgment unless—as to each material issue of disputed fact raised by the moving party—the record demonstrates at least the minimum quantum of evidence sufficient to justify a determination in favor of the non-moving party by a reasonable juror." *Id*. (quoting *Glover ex rel. Glover v. Jackson State Univ*., 968 So. 2d 1267, 1274 (¶19) (Miss. 2007)).

¶18. Neither party disputes that Jarrell was an at-will employee of Coastal ENT. Mississippi's employment-at-will doctrine states that "absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *Id*. at 1234 (¶18) (quoting *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 986 (¶46) (Miss. 2004)). We recognize that "a narrow public policy exception [exists] to the employment[-]at[-]will doctrine: an employee may sue her employer in tort for damages if she is fired for (1) refusing to participate in an illegal act or (2) reporting illegal acts of her employer to her employer or anyone else." *Id*. (quoting *McArn*, 626 So. 2d at 607).

¶19. On appeal, Jarrell maintains that the law does not require her to prove that a crime actually took place in order to prevail on her claim that her employment was terminated for reporting criminal conduct. Jarrell therefore maintains that the circuit court erred by granting

8

summary judgment based on its finding that Jarrell provided no evidence other than "her subjective belief and speculation" to support her claims that Coastal ENT was involved in criminal activity and that Jarrell's employment was terminated because she reported the criminal activity and refused to participate in it.

¶20.    This Court has clarified that the whistleblower exception, as set forth by *McArn,* "only applies where the activity complained of is actually illegal." *Est. of Turner*, 310 So. 3d at 1234 (¶19) (quoting *Obene v. Jackson State Univ.*, 233 So. 3d 872, 876 (¶13) (Miss. Ct. App. 2017)). Significant to the case before us, "a plaintiff's subjective belief that the acts reported were illegal does not satisfy *McArn.*" *Id*. Therefore, "in response to a motion for summary judgment, the plaintiff must state with specificity the allegedly illegal conduct, point to evidence of record to support his allegations, and describe how that conduct violated a criminal statute." *Id*. (quoting *White v. Cockrell*, 190 So. 3d 878, 883 (¶16) (Miss. Ct. App. 2015)); *see also Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 403-04 (5th Cir. 2005) (An employee's good faith belief that the employer engaged in illegal activity is insufficient by itself to invoke the *McArn* exception to Mississippi's at-will employment doctrine.).

¶21.    Here, Jarrell alleges that Coastal ENT was guilty of mail fraud in violation of section 97-19-83 and false pretenses in violation of section 97-19-39(2). Section 97-19-83(1) (Rev. 2020) states, in pertinent part, that a person is guilty of mail fraud if they "devised or intend[ed] to devise any scheme or artifice to defraud, or for obtaining money, property or services, . . . by means of false or fraudulent pretenses, representations or promises . . . ." In

9

her response opposing summary judgment, Jarrell claimed that "[b]y demanding excess money from the patient, and then billing the insurance company even after over-payment was made by the patients, [Coastal ENT] was obtaining money by means of a false representation to both the patient and the insurance company." Section 97-19-39(2) (Rev. 2020) provides, in pertinent part, that a person is guilty of false pretenses when they "with intent to cheat or defraud another . . . by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money . . . with a value of Five Hundred Dollars ($500.00) or more[.]" Jarrell asserted that Coastal ENT was guilty of obtaining funds under false pretenses "[b]y telling patient(s) that the patient(s) was responsible for more than $416[.]" Jarrell argued that "[a] jury can certainly find that the 'pretense' was false, the amount owed by the patient. A jury can further find that [Coastal ENT] knew the pretense was false and there is no question that money was obtained by [Coastal ENT.]"

¶22. In support of her allegations, Jarrell attached her own affidavit. Jarrell's affidavit referenced the insurance contract between Coastal ENT and the patient's insurance company. However, as stated, Jarrell never produced the insurance contract or stated with any specificity the language from the contract that Coastal ENT allegedly breached. Jarrell also failed to provide any evidence showing that the patient at issue actually paid the amount that he or she was allegedly overcharged by Coastal ENT. The circuit court struck portions of Jarrell's affidavit after finding that the statements "contain hearsay, lack foundation, and/or are not factual but are merely speculative statements" and were therefore inadmissible. We

10

find that the remaining statements in Jarrell's affidavit are insufficient to support her claims against Coastal ENT. *See Dear v. Cares Ctr. Inc.*, 328 So. 3d 733, 742 (¶36) (Miss. Ct. App. 2021).

¶23.    Additionally, we find that Coastal ENT provided evidence and affidavits showing that the "fraud" Jarrell complained of was actually a dispute about whether a patient's insurance plan would cover the cost of a particular type of hearing aid.  Coastal ENT's audiologist provided an affidavit stating that "[a] patient's claim was denied or limited to an amount substantially below the cost of the hearing aid which the patient chose and which was ordered."  The audiologist then contacted a representative for the insurance company "to discuss the denial of the patient's claim and to determine if there was anything that could be done to assist the patient with the cost of the hearing aid that he had chosen."  The audiologist stated that the representative advised her that she "should file an appeal of the denial or limitation of the amount of the patient's claim, and request to have it reconsidered." Jarrell admitted that her supervisor directed her to file the appeal, and Jarrell refused to do so.  The affidavit from Jarrell's supervisor states that Jarrell's employment was terminated as a result of this perceived insubordination, in addition to other issues.

¶24.    Coastal ENT also provided documentation from Select Administrative Services (SAS), the third-party administrator for the insurance company at issue, confirming its communication with Coastal ENT regarding the patient's claim and the instruction to file an appeal with the insurance company.  The electronic notes from SAS show that the total cost

11

for the hearing aids requested by the patient was $3,800. These electronic notes also reflect that insurance would pay $1,000 toward the cost of the hearing aids, leaving a balance of $2,800 owed by the patient. In her affidavit, Jarrell stated that the audiologist informed the patient that he or she owed $2,800. At this point, the evidence shows that Coastal ENT intended to file an appeal with the insurance company in an attempt to obtain more insurance benefits for the patient to assist with the cost of the hearing aids. The record does not contain the actual bill issued to the patient reflecting the charges that were communicated to him or her by Coastal ENT. However, we note that the record also does not contain an affidavit from the patient or any other evidence to support Jarrell's assertion that the patient was misinformed or defrauded. We also find no evidence in the record showing any intent by Coastal ENT to commit fraud.

¶25. After our review, we find that Jarrell failed to "state with specificity [Coastal ENT's] allegedly illegal conduct, point to evidence of record to support [her] allegations, and describe how that conduct violated a criminal statute." *Est. of Turner*, 310 So. 3d at 1236 (¶24). After viewing the evidence in the light most favorable to Jarrell, the non-moving party, we find that the circuit court properly granted summary judgment in favor of Coastal ENT.

¶26. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**